UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH JOHANA L.S., <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER CHESTNUT, et al., <br><br> Respondents. | No. 1:26-cv-00360-TLN-CKD <br><br><br> **ORDER** |

On January 16, 2026, the Court granted Petitioner Edith Johana L.S.'s ("Petitioner") Motion for a Temporary Restraining Order and ordered Respondents to show cause by January 28, 2026, why the Court should not issue a preliminary injunction. (ECF No. 4.)

In response to the Order to Show Cause, Respondents argue this Court should not issue a preliminary injunction because Petitioner's detention was "lawful under the Constitution and applicable provisions of the Immigration and Nationality Act." (ECF No. 10 at 1.) Absent meaningful argument, caselaw, or statutory authority, the Court finds no reason to deviate from its prior analysis. Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO and does not duplicate its analysis here. (*See generally* ECF No. 4.)

1

1     Accordingly, the Court hereby issues the following PRELIMINARY INJUNCTION:

2   1. Respondents shall not impose any additional restrictions on Petitioner Edith Johana L.S. unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.

3   2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed to have her counsel present.

4   3. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).

5   4. This matter is referred back to the United States Magistrate Judge for a determination on the merits.

IT IS SO ORDERED.

Date: February 2, 2026

_____

Troy L. Nunley
Chief United States District Judge